**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MATTHEW DAVIES, individually and on behalf of a class of similarly situated individuals, | Case No. 1:21-cv-02236 |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| MIDLAND CREDIT MANAGEMENT, INC., | |
| Defendant. | |

**CLASS ACTION COMPLAINT**

NOW come Plaintiff MATTHEW DAVIES, individually and on behalf of a class of similarly situated individuals, by and through his undersigned attorney, and submits the following claims against Defendant MIDLAND CREDIT MANAGEMENT, INC.:

**I.  Jurisdiction, Parties and Venue**

1.  This civil action arises under and is brought pursuant to the FDCPA and subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

2.  Plaintiff MATTHEW DAVIES ("Plaintiff" or "Davies") is a citizen of the State of Illinois and resides within this Judicial District.

3.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*

4.  Defendant MIDLAND CREDIT MANAGEMENT, INC. ("Defendant" or "Midland" or "MCM") is incorporated in the State of Kansas and maintains its principal place of business at 350 Camino De La Reina, Suite 300, San Diego, California.

5.  Venue is proper pursuant to 28 U.S.C. §1391 as Defendant conducts substantial debt collection business in this judicial district and the subject collection

1

letters and envelopes used to mail the collection letters were sent to Plaintiff's residential address which is located within this judicial district.

6.      This case relates to a previously filed class action lawsuit against Midland. *See, Neal Preston v. Midland Credit Management, Inc.*, 18-cv-01532 (N.D. Ill.) (filed on March 9, 2018).

## II. Background Facts Related to the Subject Debt

7.      This Civil Action arises out of Defendant's attempts to collect from Plaintiff a consumer credit card debt involving a consumer credit card issued by Capital One Bank (at times the "Subject Debt").

8.      The Subject Debt was incurred for personal, family and household purposes. In particular, part of the Subject Debt was incurred for home repairs.

9.      The Subject Debt is a "debt" as defined by Section 1692a(5) of the FDCPA.

10.     Plaintiff attempted to make payments to pay off the Subject Debt but certain personal and financial issues prevented him from paying off the Subject Debt.

11.     When Plaintiff attempted to make certain payments, he was told that the Subject Debt had been sold.

12.     Defendant attempted to collect the Subject Debt by and through mailing letters to the Plaintiff where some of the letters were mailed inside of envelopes marked with the words "**TIME SENSITIVE DOCUMENT**".

13.     Plaintiff, upon information and belief, believes that at least one collection letter was mailed inside of an envelope embossed with the words "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED".

14.     In addition to mailing collection letters to Plaintiff for the purposes of attempting to collect the Subject Debt, Defendant called Plaintiff, and did so after Plaintiff told Defendant to stop calling him.

2

### III. Background Facts Related to Defendant Midland

15.     Defendant Midland's website describes itself as follows:

> Midland Credit Management (MCM) connects with consumers every day to help resolve past-due debts. We specialize in servicing accounts that have fallen behind and have been charged off by the lender. When lenders close these accounts, they often sell them to companies like MCM.
>
> If you've heard from us, your lender has probably charged off one of your accounts and sold it to us. MCM enjoys longstanding relationships with major financial institutions and retailers across the country.

https://www.midlandcredit.com/who-is-mcm/

16.     Defendant "is a subsidiary of Encore Capital Group, which is a public company traded on the NASDAQ stock exchange as ECPG." *Id.*

17.     Defendant is a "debt collector" as defined Section 1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts, including efforts to collect the Subject Debt.

18.     On information and belief, pursuant to Defendant's customary business practice, a related entity, Midland Credit Funding, LLC ("Midland Funding"), purchased the Subject Debt from Capital One, N.A. and Capital One Bank (USA), N.A.

19.     Midland Funding is a debt buyer and is one of the largest debt buyers in the United States.

20.     According to a website operated by Defendant:

> Midland Funding, LLC is one of the nation's largest owners of unpaid debts. Midland Funding owns accounts that have been charged off by the original lender.
>
> Charge offs happen after a lender doesn't receive payments for a period of time or payments are less than the minimum amount due. Lenders then close these accounts and sell them to companies like Midland Funding or MCM.

https://www.midlandcredit.com/who-is-mcm/midland-funding-llc/

21.     Defendant explains its relationship with Midland Funding as follows:

3

Midland Credit Management services accounts owned by Midland Funding and accounts owned by MCM.

https://www.midlandcredit.com/who-is-mcm/midland-funding-llc/

22. On November 2, 2020, Encore Capital, Defendant's parent company, reported the following "Third Quarter 2020 Financial Results":

- GAAP net income up 41% to $55 million, or $1.72 per share

- Non-GAAP adjusted net income up 42% to $74 million, or $2.31 per share

- Global collections grew 8% to a record $540 million

- Estimated Remaining Collections (ERC) grew 15% to a record $8.5 billion

See, press release entitled "Encore Capital Group Announces Third Quarter 2020 Financial Results", found at https://encorecapital.gcs-web.com/static-files/8367294e-1d58-42bc-a1a8-dbd3b77b982a (last viewed on 2/10/21).

23. Ashish Masih, Encore Capital Group's President and Chief Executive Offer Midland's has publicly referred to recently enacted rules published by the Consumer Financial Protection Bureau ("CFPB") that govern debt collection practices. According to Encore Capital Group's website:

> "The CFPB's new industry rules, released last week as expected, provide much needed clarity and create uniformity in the fair treatment of U.S. consumers in debt collection. The new rules are largely consistent with those proposed eighteen months ago and, as a result, we are well prepared to fully implement them with no significant incremental operational changes. Through these new rules, we remain very much aligned with the CFPB's goal of making consumer financial markets work for consumers, responsible providers, and the economy as a whole," added Masih.

See, press release entitled "Encore Capital Group Announces Third Quarter 2020 Financial Results", found at https://encorecapital.gcs-web.com/static-files/8367294e-1d58-42bc-a1a8-dbd3b77b982a (last viewed on 2/10/21).

24.     As recently as September 8, 2020, the Consumer Financial Protection Bureau ("CFPB") sued Defendant and Midland Funding in the Southern District of California for violating the FDCPA. See, Complaint, ECF #1 in 3:20-cv-01750-GPC-KSC.[1] According to the CFPB's press release:

> The Bureau's complaint, filed in federal district court in the Southern District of California, specifically alleges that since September 2015, Encore and its subsidiaries violated the consent order by suing consumers without possessing required documentation, using law firms and an internal legal department to engage in collection efforts without providing required disclosures, and failing to provide consumers with required loan documentation after consumers requested it. The Bureau also alleges that the companies violated the consent order, the CFPA, and the FDCPA by suing consumers to collect debts even though the statutes of limitations had run on those debts and violated the consent order by attempting to collect on debts for which the statutes of limitations had run without providing required disclosures. The Bureau further alleges that the companies violated the CFPA by failing to disclose possible international-transaction fees to consumers, thereby effectively denying consumers an opportunity to make informed choices of their preferred payment methods. The Bureau also alleges that each violation of the consent order constitutes a violation of the CFPA.

See the CFPB's Press Release hosted at https://www.consumerfinance.gov/about-us/newsroom/cfpb-sues-debt-collectors-and-debt-buyers-encore-capital-group-et-al/

25.     Defendant routinely collects consumer debts owned by Midland Funding.

26.     Defendant also purchases defaulted consumer debts from original creditors and from other debt buyers.

### IV. Additional Background Facts

27.     Defendant acted as debt collector in attempting to collect Subject Debt.

28.     Defendant *claims* that it is the current owner of Subject Debt.

29.     Each Plaintiff is a "consumer" as defined by § 1692a(3) of the FDCPA.

---

[1] The Complaint can be found at https://files.consumerfinance.gov/f/documents/cfpb_encore-capital-group-et-al_complaint_2020-08.pdf

30. Defendant's efforts to adhere to certain requirements of the FDCPA plausibly suggest that Defendant regarded the Subject Debt to be a "debt" as this term is defined by Section 1692a(5) of the FDCPA.

## V. Summary of the FDCPA

31. Section 1692of the FDCPA contains "Congressional findings" and a "declaration of purpose" and states as follows:

**(a) Abusive practices**

There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

**(b) Inadequacy of laws**

Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

**(c) Available non-abusive collection methods**

Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

**(d) Interstate commerce**

Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

**(e) Purposes**

It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

*See*, 15 U.S.C. § 1692.

32. One purpose of the FDCPA was to address "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a).

33.     In enacting the FDCPA, Congress determined that "[a]busive debt collection practices contribute to" societal harms, including increasing "the number of personal bankruptcies," "marital instability," "the loss of jobs," and "invasions of individual privacy." 15 U.S.C. § 1692(a).

34.     Congress determined that "[e]xisting laws … are inadequate to protect consumers" and that "[m]eans other misrepresentation or other abusive debt collection practices are available for the effective collection of debts." 15 U.S.C. §§ 1692(b)-(c).

35.     The FDCPA provides that "[m]eans other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts." 15 U.S.C. § 1692(c).

36.     The FDCPA protects *ethical collectors* from being competitively disadvantaged. 15 U.S.C. § 1692(e).

37.     As described below, Defendant has violated the prohibitions of Sections 1692e and 1692f(8) of the FDCPA to gain a competitive advantage over other debt collectors that attempt to collect charged-off consumer credit card debts that have been sold by the original creditor.

38.     Section 1692f(8) of the FDCPA which prohibits a debt collector from:

> Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

39.     On January 21, 2020, the Seventh Circuit in *Preston v. Midland Credit Mgmt.*, 948 F.3d 772 (7th Cir. 2020) held that MCM violated 1692f(8) of the FDCPA by placing the phrase "**TIME SENSITIVE DOCUMENT**" on an envelope used to transmit a collection letter.  According to the court:

> On Midland's motion, the district court dismissed the complaint. The district court noted that the plain language of § 1692f(8) prohibited any

writing on the envelope, but nevertheless concluded that there was a benign-language exception to the statutory language.

* * *

We conclude that the language of § 1692f(8) is clear, and its application does not lead to absurd results. To the contrary, the prohibition of any writing on an envelope containing a debt collection letter represents a rational policy choice by Congress. Consequently, we conclude that the district court erred in dismissing Mr. Preston's claim under § 1692f(8).

* * *

On its face, the prohibition is clear: use of *any* language or symbol on an envelope, except for the debt collector's name (if it does not indicate that the collector is in the business of debt collection) and the debt collector's address, violates subsection (8).

* * *

The statutory language does, in fact, prohibit debt collectors from sending communications to consumers in envelopes bearing symbols that are indicative of debt collection. The language of the statute simply draws a clear line to ensure that consumers' rights are not lost in the interpretation of more subtle language.

* * *

Turning to the facts here, there is no question that the language "TIME SENSITIVE DOCUMENT" appears on the envelope enclosing a communication to a consumer. It is equally apparent that the language at issue does not fall within the itemized exception set forth in subsection (8): It is not Midland's name nor its address. The inclusion of this phrase thus violates § 1692f(8), and the district court erred in dismissing the claim set forth in Count I of Mr. Preston's complaint.

*Preston*, 948 F.3d 776-77, 781, 783-84 (emphasis in original).

## VI. Additional Background Facts Supporting Each Cause of Action

40.     In order to gain a competitive advantage over other debt collectors, and in defiance of the prohibitions set forth by Section 1692f(8) of the FDCPA, Defendant sends collection letters to consumers in this judicial district inside of envelopes marked with the words "**TIME SENSITIVE DOCUMENT**" or "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED".

41.     The competitive advantage that Defendant gains by using envelopes marked with the words "**TIME SENSITIVE DOCUMENT**" or "IMPORTANT DOCUMENT

ENCLOSED ATTENTION REQUESTED" is that Defendant knows that consumers are more likely to open the envelopes marked with these words than envelopes that do not contain these words.

42.     Defendant knows that by enclosing collection letters inside of envelopes marked with the words "**TIME SENSITIVE DOCUMENT**" or "IMPORTANT DOCUMENT ENCLOSED, ATTENTION REQUESTED", consumers are more likely read the enclosed letter and pay the subject debt than if the letter was sent in a plain envelope.

43.     Defendant knows that by enclosing collection letters inside of envelopes marked with the words "**TIME SENSITIVE DOCUMENT**" or "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED", consumers are more likely read the enclosed letter and call or otherwise interact with Defendant regarding the subject debt.

44.     This form of interaction leads to confirmation that the consumer can be reached via mail or phone, and this leads to additional communications and pressure tactics to cause the responding consumer to pay the subject debts.

45.     Defendant has determined that it collects more money from consumers when it sends letters enclosed within envelopes marked with the words, "**TIME SENSITIVE DOCUMENT**" and "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED", notwithstanding the fact that Section 1692f(8) of the FDCPA prohibits this type of wording.

46.     Defendant's use of the words "**TIME SENSITIVE DOCUMENT**" and "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED" on envelopes to mail collection letters to consumers was undertaken to gain a competitive advantage over debt collectors.

47.    Defendant's use of the words "**TIME SENSITIVE DOCUMENT**" and "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED" on envelopes to mail collection letters to consumers violated Section 1692f(8) of the FDCPA.

48.    As explained by Midland's counsel during oral argument in the case of *Preston v. Midland Credit Mgmt.*, Defendant's use of the words "**TIME SENSITIVE DOCUMENT**" on envelopes to mail collection letters to consumers was done with the express purpose of drawing consumers' attention of the contents of the envelopes.[2]

49.    The same attorney that represented Midland during oral arguments in *Preston v. Midland Credit Mgmt.* was featured on a television program entitled "Debt Buyers: Last Week Tonight With John Oliver".

50.    The     "Debt     Buyers"     episode     is     hosted     at https://www.youtube.com/watch?v=hxUAntt1z2c  (last viewed on 4/26/2021).

51.    According to YouTube, "Debt Buyers" has more than 16 million views:

Debt Buyers: Last Week Tonight with John Oliver (HBO)
16,757,397 views • Jun 6, 2016

52.    The Honorable David F. Hamilton referred to the "Debt Buyers" episode during oral argument in *Steffek v. Client Services, Inc.*, 948 F.3d 761 (7th Cir. 2020).[3]

53.    As depicted in the episode of "Debt Buyers" and as documented on the following pages by and through screen captures of the episode, Midland's defense in the case of *Preston v. Midland* conveyed a different message to attorneys and debt buyers

---

[2] http://media.ca7.uscourts.gov/sound/2019/dl.18-3119.18-3119_05_29_2019.mp3 (starting at the 15:50 min. mark and ending at the 20:15 min. mark).
[3] http://media.ca7.uscourts.gov/sound/2019/gw.19-1491.19-1491_12_11_2019.mp3 (at 10:40 min. mark).

attending a buying conference where he rhetorically asked the audience members, "Who's going to read and understand these words on this letter?":



54. As depicted by the above YouTube link and the below screen capture, Midland's attorney answered his question by stating "[t]he unsophisticated consumer?":



55. As depicted by the above YouTube link and the screen captures on the following page, Midland's counsel offered his opinion as to the level of sophistication of the consumers that Midland targets, where asked whether debt collectors using legislative or court-mandated disclosures regarding time-barred debts did not negatively impact collection efficiencies:

11









56.    As depicted by the above YouTube link and the below screen capture, before Midland's counsel answered his own question, he said "I am sure nobody wants to raise their hand and say":



57.    As depicted by the above YouTube link and the screen captures on the following page, Midland's counsel answered his own question by saying he did not believe that mandated disclosures regarding time-barred debts impacted collection efficiencies based upon depositions that he had taken of plaintiffs and stating, "I depose these plaintiff in these lawsuits, and they don't even read the letter":

13





58.     At this point in the episode Mr. Oliver swore in response to what Midland's counsel said.

## VII. Defendant's Collection Activities

59.     Defendant sent Plaintiff numerous collection letters in an attempt to collect the Subject Debt.

60.     At least one of the envelopes that Defendant used to send the subject collection letters were mailed to Plaintiff were mailed inside of an envelope marked (in bold font) with the words "**TIME SENSITIVE DOCUMENT**".

61.     When Plaintiff received the subject collection letter(s) from Defendant, his attention was immediately drawn to the words "**TIME SENSITIVE DOCUMENT**".

62.     Defendant's use of the words **"TIME SENSITIVE DOCUMENT"** and on the subject envelope(s) created a false sense of urgency for Plaintiff who was struggling to pay down his debts after encountering financial difficulties beyond his control.

63.     Defendant used the words **"TIME SENSITIVE DOCUMENT"** - as opposed to using plain envelopes - because Defendant knew that consumers like Plaintiff would be drawn to these words, and thus more likely to open the envelopes and contact Defendant to pay down the debt(s) at issue.

64.     As a result of the **"TIME SENSITIVE DOCUMENT"** disclosure on the face of the subject envelopes, Plaintiff immediately opened the collection letter to determine why Defendant designated the enclosed collection letter as being **"TIME SENSITIVE"**.

65.     Plaintiff's reaction to reading the words on the envelope and immediately opening the envelope was consistent with Defendant's intention.

66.     Plaintiff immediately grew nervous and anxious to learn the contents of the letter that was contained within the so-called time **"TIME SENSITIVE"** nature of the enclosed collection letter.

67.     This response was consistent with Defendant's intentions.

68.     Reading the words **"TIME SENSITIVE DOCUMENT"** caused Plaintiff to worry about the contents of the enclosed letter and whether the letter contained a truly **"TIME SENSITIVE"** financial or legal offer.

69.     Plaintiff's sense of worry was consistent with Defendant's intention.

70.     After Plaintiff opened the **"TIME SENSITIVE DOCUMENT"** envelope, he became anxious, frustrated and distressed as to whether the collection letter truly contained **"TIME SENSITIVE"** materials or disclosures.

71.     After Plaintiff opened the "**TIME SENSITIVE DOCUMENT**" envelope, he became confused and misled as to whether the collection letter truly contained "**TIME SENSITIVE**" materials or disclosures.

72.     To embarrass Plaintiff and cause them to pay the Subject Debt, Defendant used the words "**TIME SENSITIVE DOCUMENT**" on envelopes because it knew that third-parties would recognize Defendant's return address and understand that the enclosed letters related to charged-off and/or defaulted consumer based debts.

73.     Further, Defendant's unlawful use of the words "**TIME SENSITIVE DOCUMENT**" on its envelopes caused third-parties to realize that Plaintiff owed money to a debt collector where the envelope – based upon the specific words chosen by Defendant – informed third-parties that Plaintiff owed a charged-off and/or defaulted debt that was "**TIME SENSITIVE**" in nature.

74.     On information and belief, at least one of the envelopes that Defendant used to send collection letters to Plaintiff was mailed to Plaintiff inside of envelopes that contained the words "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED" on its exterior in embossed (raised) lettering.

75.     As a result of the "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED" disclosure on the face of the subject envelope, Plaintiff recalls that he immediately opened the collection letter to determine the nature of the so-called "IMPORTANT DOCUMENT" where the envelope was also marked with the words "ATTENTION REQUESTED".

76.     Plaintiff's reaction to reading the words "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED" on the subject envelope was consistent with Defendant's intentions.

77.     After Plaintiff opened the so-called "IMPORTANT DOCUMENT ENCLOSED" envelopes, he became anxious, frustrated and distressed as to whether the collection letter truly contained "important" materials or disclosures.

78.     After Plaintiff opened the so-called "IMPORTANT DOCUMENT ENCLOSED" envelopes, he became confused and misled as to whether the collection letter truly contained "important" materials or disclosures.

79.     To embarrass Plaintiff and cause him to pay the Subject Debt, Defendant used the words "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED" on envelopes because it knew that third-parties would recognize Defendant's return address and understand that the enclosed letters related to a charged-off and/or defaulted consumer based debt.

80.     Further, Defendant's unlawful use of the words "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED" on its envelopes caused third-parties to realize that Plaintiff owed money to a debt collector where the envelope – based upon the specific words chosen by Defendant – informed third-parties that an "IMPORTANT DOCUMENT" was enclosed which required Plaintiff's "ATTENTION".

81.     None of the collection letters that Defendant mailed to Plaintiff truly contained any "time sensitive document" because it was Defendant's practice to continually offer similar discounted payment options.

82.     The fact that Defendant would repeatedly renew discounted payment options was not known to Plaintiff when he first read letters that were mailed to him inside of envelopes marked with the words "**TIME SENSITIVE DOCUMENT**".

83.     The fact that Defendant would repeatedly renew discounted payment options was not known to Plaintiff when he first read letters that were mailed to him

inside of envelopes marked with the words "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED".

84.     None of the enclosed collection letters contained an "important document" because it was Defendant's practice to continually offer similar discounted payment options.

85.     Plaintiff was subjected to deceptive and misleading conduct by Defendant which materially impacted and shaped his reactions and course of conduct in response to Defendant's collection efforts.  For example, based upon the words that Defendant printed on its envelopes, Plaintiff attempted to allocate his limited resources to help pay down the Subject Debt.

86.     As a result of receiving the above unlawful communications from Defendant, Plaintiff retained the undersigned counsel to bring legal action against Defendant on his behalf.

87.     Defendant's conduct also posed a material risk of harm to the interests protected by the FDCPA, including Plaintiff's interest in receiving truthful and accurate information regarding Defendant's collection efforts and the truthful nature of the Subject Debt.

88.     Over time, Defendant continued to send the same form letters to Plaintiff, but in mailing the letters, Defendant no longer mailed the letters inside of envelopes marked with the words "**TIME SENSITIVE DOCUMENT**" and "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED".

89.     In sending the same form letters inside of plain envelopes, Defendant has undermined the so-called "**TIME SENSITIVE**" nature of the previously mailed letters.

18

90. Similarly, in sending the same form letters inside of plain envelopes, Defendant has undermined the so-called "IMPORTANT" nature of the previously mailed letters.

91. Third parties observed that collection letters had been mailed inside of envelopes marked with the words "**TIME SENSITIVE DOCUMENT**" and "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED" and these improper disclosures violated Plaintiff's privacy and caused Plaintiff to suffer from embarrassment.

92. Defendant's actions only served to stress out and embarrass Plaintiff and force him to open the subject envelopes for the purpose of increasing the likelihood with which Defendant would be able to obtain money from him.

93. As a result of Defendant's purposeful and knowing conduct, Plaintiff suffered concrete harm in the form of confusion, aggravation, embarrassment and emotional distress.

94. Defendant's conduct also violated one of the FDCPA's identified interests in ensuring that otherwise compliant debt collectors are not disadvantaged in the marketplace through unlawful conduct.

95. Defendant's widespread practice of sending form collection letters and form envelopes to Plaintiff satisfy the elements numerosity, commonality and typicality as more than forty consumers living in the confines of this judicial district were sent form collection letters where the collection letters repeated the same discounted payment offers and the letters were sent inside of form envelopes marked with the words "**TIME SENSITIVE DOCUMENT**" and/or "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED". See FRCP 23(a)(1)-(3).

96. Plaintiff's class-action based claims are typical of the claims of the absent class members who originally owed debts to Capital One.

97.     Plaintiff's class-action based claims are typical of the claims of the absent class members who originally owed debts to Capital One, N.A.

98.     Plaintiff's class-action based claims are typical of the claims of the absent class members who originally owed debts to Capital One Bank.

99.     Plaintiff and his counsel will fairly and adequately protect the interests of the proposed class members.

100.     Counsel for Plaintiff was lead counsel in *Preston v. Midland Credit Mgmt.*, 948 F.3d 772 (7th Cir. 2020) where the Seventh Circuit Court of Appeals held that Defendant violated Section 1692f(8) of the when it mailed collection letters inside of envelopes marked with the words "**TIME SENSITIVE DOCUMENT**".

101.     Questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy where Rule 23(b) will assist class members in obtaining relief. *See, e.g., Pierre v. Midland Credit Mgmt.*, 2017 U.S. Dist. LEXIS 61107, *29 (N.D. Ill. April 21, 2017) ("[A]llowing the action to proceed on a class wide basis aligns with both the purpose of class actions (incentivizing aggregation of claims where little incentive to sue individually would otherwise exist) and the purpose of the FDCPA (protecting consumers from abusive debt collection practices)."

102.     The proposed class members in Count I are defined as: (**a**) individuals with mailing addresses located within the confines of the Seventh Circuit who were mailed collection letters inside of envelopes marked with the "**TIME SENSITIVE DOCUMENT**" and where (**b**) the individuals took out credit card debts in relation to credit cards issued by Capital One, N.A.

103.   The proposed class members in Count II are defined as: (**a**) individuals with mailing addresses located within the confines of the Seventh Circuit who were mailed collection letters inside of envelopes marked with the words "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED" and where (**b**) the individuals took out credit card debts in relation to credit cards issued by Capital One, N.A.

104.   The proposed class members in Count III are defined as: (**a**) individuals with mailing addresses located within the confines of the Seventh Circuit who were mailed collection letters inside of envelopes marked with the words "**TIME SENSITIVE DOCUMENT**" where (**b**) the individuals took out credit card debts in relation to credit cards issued by Capital One, N.A. and (**c**) the enclosed collection letters did not convey any truly "time sensitive" in relation to credit cards issued by Capital One Bank (USA), N.A.

105.   The proposed class members in Count IV are defined as: (**a**) individuals with mailing addresses located within the confines of the Seventh Circuit who were mailed collection letters inside of envelopes marked with the words "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED", where (**b**) the individuals took out credit card debts in relation to credit cards issued by Capital One, N.A. and (**c**) the enclosed collection letters did not convey any truly "time sensitive" or "important document" in relation to credit cards issued by Capital One Bank (USA), N.A.

106.   As for Counts I-IV, the time-period of the class shall extend back more than one year from the filing of this Complaint to encompass the tolling of the applicable statute of limitations as a result of the previous class action complaint that was filed by Plaintiff. *See, Neal Preston v. Midland Credit Management, Inc.*, 18-cv-01532 (N.D. Ill.) (filed on March 9, 2018). The Complaint in *Preston v. Midland* proposed to certify a class

21

action on behalf of Illinois, Indiana and Wisconsin residents who received collection letters inside of envelopes marked with the words "**TIME SENSITIVE DOCUMENT**".

107.    The proposed class members in Count V are defined as: (**a**) individuals with mailing addresses located within the confines of the Seventh Circuit (**b**) who were mailed collection letters where Defendant shared the names, mailing addresses and account information for each class members' debt to Defendant's third-party letter vendor. The proposed class set forth in Count V is limited to one year from the date of the filing of this lawsuit and until the subject conduct is changed.

108.    Accordingly, consistent with FRCP 23(b)(3)(D), all of the proposed class action claims set forth below are narrowly tailored to be limited to consumers who were sent collection letters where the original creditor was Capital One Bank N.A. *See, e.g., Pierre v. Midland Credit Mgmt.*, 2017 U.S. Dist. LEXIS 61107, *12, *24-*26 (N.D. Ill. April 21, 2017).

**Causes of Action**

**Count I – Violations of Section 1692f(8) of the FDCPA with regard to Defendant's use of "TIME SENSITIVE DOCUMENT" Language on Envelopes**

109.    Plaintiff MATTHEW R. DAVIES, individually and on behalf of a class of similarly situated individuals, repeats and re-alleges the Paragraphs set forth in Sections I, II, III, IV, V, VI and VII as though fully set forth herein.

110.    Based upon the above allegations, Defendant's conduct in attempting to collect the Subject Debt by mailing collection letters to Plaintiff and similarly situated class members inside of envelopes marked with the words "**TIME SENSITIVE DOCUMENT**" violated Section 1692f(8) of the FDCPA.

WHEREFORE, Plaintiff MATTHEW R. DAVIES respectfully requests that this Honorable Court enter judgment in his favor and in favor of the proposed class members as follows:

a. Declaring that the practices complained of herein are unlawful;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding class members statutory damages as provided under 15 U.S.C. §1692k(a)(2)(B);

d. Awarding Plaintiff actual damages as provided by 15 U.S.C. §1692k(a)(1));

e. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

f. Enjoining Defendant from further contacting Plaintiff; and

g. Awarding any other relief as this Honorable Court deems just and appropriate.

**Count II – Violations of Section 1692f(8) of the FDCPA with regard to Defendant's use of the words "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED" on Envelopes**

111. Plaintiff MATTHEW R. DAVIES, individually and on behalf of a class of similarly situated individuals, repeats and re-alleges the Paragraphs set forth in Sections I, II, III, IV, V, VI and VII as though fully set forth herein.

112. Based upon the above conduct, in attempting to collect the Subject Debt by mailing collection letters to Plaintiff and similarly situated class members inside of envelopes embossed with the words "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED", Defendant violated Section 1692f(8) of the FDCPA.

WHEREFORE, Plaintiff MATTHEW R. DAVIES respectfully requests that this Honorable Court enter judgment in his favor and in favor of the proposed class members as follows:

a. Declaring that the practices complained of herein are unlawful;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

    c.   Awarding class members statutory damages as provided under 15 U.S.C. §1692k(a)(2)(B);

    d.   Awarding Plaintiff actual damages as provided by 15 U.S.C. §1692k(a)(1));

    e.   Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

    f.   Enjoining Defendant from further contacting Plaintiff; and

    g.   Awarding any other relief as this Honorable Court deems just and appropriate.

**Count III – Violations of Sections 1692e, e(2) and e(10) of the FDCPA with regard to Defendant' use of "TIME SENSITIVE DOCUMENT" Language on Envelopes**

113.   Plaintiff MATTHEW R. DAVIES, individually and on behalf of a class of similarly situated individuals, repeats and re-alleges the Paragraphs set forth in Sections I, II, III, IV, V, VI and VII as though fully set forth herein.

114.   The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

115.   Defendant violated §1692e when it used deceptive means to collect and/or attempt to collect the subject debt. Specifically, it was deceptive for Defendant to implicitly represent that it could include the words "**TIME SENSITIVE DOCUMENT**" printed on an envelope containing a collection letter that was not inherently time-sensitive in nature.

116.   The FDCPA specifically prohibits debt collectors from including this type of language on its envelopes; thus, Defendant acted deceptively by including it in clear violation of the FDCPA.

117.   As set forth above, Defendant's practice of mailing collection letters inside of envelopes marked with the words "**TIME SENSITIVE DOCUMENT**" constituted false, deceptive, or misleading representations or means in connection with the collection of

the Subject Debt - where the discounted payment options set forth in the enclosed collection letters were not inherently time-sensitive in nature in light of similar discounted payment offers that Defendant would later mail to Plaintiff.

118.  Defendant's practice of mailing collection letters inside of envelopes marked with the words "**TIME SENSITIVE DOCUMENT**" constituted false, deceptive, or misleading representations or means in connection with the collection of the Subject Debts - where the discounted payment options set forth on the enclosed collection letters were not inherently time-sensitive in nature in light of the fact that identical form letters were also mailed to Plaintiff over time inside of plain envelopes.

119.  Section 1692e(2), prohibits a debt collector from engaging in any "false representation of – (A) the character, amount or legal status of any debt[.]"

120.  Specifically, Defendant engaged in a "false representation" when it included the words "**TIME SENSITIVE DOCUMENT**" on envelopes that were used to mail collection letters that was not inherently time-sensitive in nature.

121.  As set forth above, Defendant's practice of mailing collection letters inside of envelopes marked with the words "**TIME SENSITIVE DOCUMENT**" constituted a "false representation" of the character, amount and/or legal status of the Subject Debt - where the discounted payment options set forth on the enclosed collection letters were not inherently time-sensitive in nature in light of similar discounted payment offers that Defendant would later mail to Plaintiff.

122.  Defendant's practice of mailing collection letters inside of envelopes marked with the words "**TIME SENSITIVE DOCUMENT**" constituted a "false representation" of the character, amount and/or legal status of the Subject Debts - where the discounted payment options set forth on the enclosed collection letters were

not inherently time-sensitive in nature in light of the fact that identical form letters were also mailed to Plaintiff over time inside of plain envelopes.

123.  Section §1692e(10) prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt.

124.  Specifically, Defendant engaged in false, deceptive, or misleading representation or means in connection with the collection of the Subject Debt when it included the words "**TIME SENSITIVE DOCUMENT**" on envelopes that were used to mail collection letters that was not inherently time-sensitive in nature.

125.  As set forth above, Defendant's practice of mailing collection letters inside of envelopes marked with the words "**TIME SENSITIVE DOCUMENT**" constituted a false, deceptive, or misleading representation or means in connection with the collection of the Subject Debt – where the discounted payment options set forth on the enclosed collection letters were not inherently time-sensitive in nature in light of similar discounted payment offers that Defendant would thereafter mail to Plaintiff.

126.  As set forth above, Defendant's practice of mailing collection letters inside of envelopes marked with the words "**TIME SENSITIVE DOCUMENT**" constituted a false, deceptive, or misleading representation or means in connection with the collection of the Subject Debt – where the discounted payment options set forth on the enclosed collection letters were not inherently time-sensitive in nature in light of the fact that identical form letters were also mailed to Plaintiff over time (inside of plain envelopes).

127.  For the above reasons, Defendant's conduct in attempting to collect the Subject Debts by mailing discounted payment letters inside of envelopes marked with the words "**TIME SENSITIVE DOCUMENT**" violated Sections 1692e, 1692e(2)(A) and 1692e(10).

WHEREFORE, Plaintiff MATTHEW R. DAVIES respectfully requests that this Honorable Court enter judgment in his favor and in favor of the proposed class members as follows:

      a.  Declaring that the practices complained of herein are unlawful;

      b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

      c.  Awarding class members statutory damages as provided under 15 U.S.C. §1692k(a)(2)(B);

      d.  Awarding Plaintiff actual damages as provided by 15 U.S.C. §1692k(a)(1));

      e.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

      f.  Enjoining Defendant from further contacting Plaintiff; and

      g.  Awarding any other relief as this Honorable Court deems just and appropriate.

### Count IV – Violations of Sections 1692e, e(2) and e(10) of the FDCPA with regard to Defendant' use of the words "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED" on Envelopes

128.    Plaintiff MATTHEW R. DAVIES, individually and on behalf of a class of similarly situated individuals, repeats and re-alleges the Paragraphs set forth in I, II, III, IV, V, VI and VII as though fully set forth herein.

129.    The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

130.    Defendant violated §1692e when it used deceptive means to collect and/or attempt to collect the subject debt. Specifically, it was deceptive for Defendant to implicitly represent that it could include the words "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED" printed on an envelope containing a collection

letter that was not inherently time-sensitive in nature or more "important" than other similar collection letters.

131.    The FDCPA specifically prohibits debt collectors from including this type of language on its envelopes; thus, Defendant acted deceptively by including it in clear violation of the FDCPA.

132.    As set forth above, Defendant's practice of mailing collection letters inside of envelopes marked with the words "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED" constituted false, deceptive, or misleading representations or means in connection with the collection of the Subject Debt - where the discounted payment options set forth on the enclosed collection letters were not inherently time-sensitive in nature in light of similar discounted payment offers that Defendant would later mail to Plaintiff inside of plain envelopes.

133.    Defendant's practice of mailing collection letters inside of envelopes marked with the words "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED" constituted false, deceptive, or misleading representations or means in connection with the collection of the Subject Debt - where the discounted payment options set forth on the enclosed collection letters were not inherently time-sensitive in nature in light of the fact that identical form letters were also mailed to Plaintiff over time inside of plain envelopes.

134.    Section 1692e(2), prohibits a debt collector from engaging in any "false representation of – (A) the character, amount or legal status of any debt[.]"

135.    Specifically, Defendant engaged in a "false representation" when it included the words and "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED" on envelopes that were used to mail collection letters that was not

inherently time-sensitive in nature or more "important" than other similar collection letters.

136.   As set forth above, Defendant's practice of mailing collection letters inside of envelopes marked with the words "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED" constituted a "false representation" of the character, amount and/or legal status of the Subject Debt - where the discounted payment options set forth on the enclosed collection letters were not inherently time-sensitive in nature in light of similar discounted payment offers that Defendant would later mail to Plaintiff.

137.   Defendant's practice of mailing collection letters inside of envelopes marked with the words "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED" constituted a "false representation" of the character, amount and/or legal status of the Subject Debt - where the discounted payment options set forth on the enclosed collection letters were not inherently time-sensitive in nature in light of the fact that identical form letters were also mailed to Plaintiff over time inside of plain envelopes.

138.   Section §1692e(10) prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt.

139.   Specifically, Defendant engaged in false, deceptive, or misleading representation or means in connection with the collection of the Subject Debts when it included the words "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED" on envelopes that were used to mail collection letters that was not inherently time-sensitive in nature.

140.   As set forth above, Defendant's practice of mailing collection letters inside of envelopes marked with the words "IMPORTANT DOCUMENT ENCLOSED ATTENTION

REQUESTED" constituted a false, deceptive, or misleading representation or means in connection with the collection of the Subject Debt – where the discounted payment options set forth on the enclosed collection letters were not inherently time-sensitive in nature in light of similar discounted payment offers that Defendant would later mail to Plaintiff.

141. As set forth above, Defendant's practice of mailing collection letters inside of envelopes marked with the words "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED" constituted a false, deceptive, or misleading representation or means in connection with the collection of the Subject Debt – where the discounted payment options set forth on the enclosed collection letters were not inherently time-sensitive in nature in light of the fact that identical form letters were also mailed to Plaintiff over time inside of plain envelopes

142. For the above reasons, Defendant's conduct in attempting to collect the Subject Debt by mailing discounted payment letters inside of envelopes marked with the words "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED" violated Sections 1692e, 1692e(2)(A) and 1692e(10).

WHEREFORE, Plaintiff MATTHEW R. DAVIES respectfully requests that this Honorable Court enter judgment in his favor and in favor of the proposed class members as follows:

      a. Declaring that the practices complained of herein are unlawful;

      b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

      c. Awarding class members statutory damages as provided under 15 U.S.C. §1692k(a)(2)(B);

      d. Awarding Plaintiff actual damages as provided by 15 U.S.C. §1692k(a)(1));

    e.   Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

    f.   Enjoining Defendant from further contacting Plaintiff; and

    g.   Awarding any other relief as this Honorable Court deems just and appropriate.

### Count V – Violations of Section 15 USCA § 1692c(b)

143.   Plaintiff MATTHEW R. DAVIES, individually and on behalf of a class of similarly situated individuals, repeats and re-alleges the Paragraphs set forth in Sections I, II, III, IV and V as though fully set forth herein.

144.   Defendant utilized an independent, third-party vendor ("Letter Vendor") to print and/or mail the debt collection letters that were mailed to Plaintiff in an attempt to collection the Subject Debt.

145.   Defendant disclosed Plaintiff's contact information and information identifying the Subject Debt to Defendant's Letter Vendor.

146.   Further, Defendant's unlawful use of the words "**TIME SENSITIVE DOCUMENT**" on its envelopes caused third-parties to realize that Plaintiff owed money to a debt collector where the envelope – based upon the specific words chosen by Defendant – informed third-party vendors that Plaintiff owed a charged-off and/or defaulted consumer based debt that was "**TIME SENSITIVE**" in nature.

147.   Defendant's unlawful use of the words "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED" on its envelopes caused third-parties to realize that Plaintiff owed money to a debt collector where the envelope – based upon the specific words chosen by Defendant – informed third-party vendors that an "IMPORTANT DOCUMENT [WAS] ENCLOSED" which required Plaintiff's "ATTENTION".

148. Defendant's disclosure Plaintiff's contact information and information identifying Subject Debt to Defendant's Letter Vendor violated the FDCPA's prohibition on third-party disclosure set forth in 15 USCA § 1692c(b).

WHEREFORE, Plaintiff MATTHEW R. DAVIES respectfully requests that this Honorable Court enter judgment in his favor and in favor of the proposed class members as follows:

   a. Declaring that the practices complained of herein are unlawful;

   b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

   c. Awarding class members statutory damages as provided under 15 U.S.C. §1692k(a)(2)(B);

   d. Awarding Plaintiff actual damages as provided by 15 U.S.C. §1692k(a)(1));

   e. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

   f. Enjoining Defendant from further contacting Plaintiff; and

   g. Awarding any other relief as this Honorable Court deems just and appropriate.

## Count VI – Individual Violation of Section 1692d(5) of the FDCPA

149. Plaintiff MATTHEW R. DAVIES, individually and on behalf of a class of similarly situated individuals, repeats and re-alleges the Paragraphs set forth in Sections I, II, III, IV and V as though fully set forth herein.

150. Section 1692d of the FDCPA provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

151. In particular, Section 1692d(5) of the FDCPA prohibits a debt collector from "[c]ausing a telephone to ring or engaging any person in telephone conversation

repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

152.   Defendant violated Section 1692d(5) when it repeatedly contacted Plaintiff (dozens of times and with daily calls) after Plaintiff instructed Defendant to stop calling him.

153.   In doing so, Defendant caused Plaintiff's telephone to ring "repeatedly or continuously with intent to annoy, abuse, or harass" Plaintiff.

WHEREFORE, Plaintiff MATTHEW R. DAVIES respectfully requests that this Honorable Court enter judgment in his favor:

a.   Declaring that the practices complained of herein are unlawful;

b.   Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c.   Awarding Plaintiff actual damages as provided by 15 U.S.C. §1692k(a)(1));

d.   Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e.   Enjoining Defendant from further contacting Plaintiff; and

f.   Awarding any other relief as this Honorable Court deems just and appropriate.

*Plaintiff requests a jury trial.*

Respectfully submitted,

Dated: April 26, 2021

/s/ James C. Vlahakis
James C. Vlahakis
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Suite 200
Lombard, IL 60148
Phone: (630) 575-8181
jvlahakis@sulaimanlaw.com

**Attorney for Plaintiff
MATTHEW R. DAVIES and the
proposed class members**

33